# Third District Court of Appeal
## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2226
Lower Tribunal No. F20-14475A
_____

**Levar Reeves,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and MILLER and GOODEN, JJ.

PER CURIAM.

Affirmed. <u>Birch v. State</u>, 248 So. 3d 1213, 1219 (Fla. 1st DCA 2018) (explaining that a special interrogatory used to determine the existence of additional circumstances relevant to mandatory minimum sentences or reclassifications have "no legal bearing on the findings or evidence required to convict of an underlying crime" and "is thus analytically separate from verdicts for underlying crimes, and neither eliminates nor supplies an element of the underlying crimes"); <u>Staten v. State</u>, 203 So. 3d 169, *2 (Fla. 3d DCA 2016) (Emas, J., concurring) ("It should first be pointed out that the question of whether an offense is subject to reclassification (<u>e.g.</u>, section 775.087(1)(a)-(c), Florida Statutes (2016)), or imposition of a mandatory minimum, (<u>e.g.</u>, section 775.087(2), Florida Statutes (2016) (the '10–20–Life' statute)) requires a factual determination by the jury for purposes of sentencing, and is not a determination of guilt for the core or substantive offense.").